## W. P. WARE v. SOUTHERN POWER COMPANY.

(Filed 13 April, 1921.)

**Appeal and Error—Issues of Fact—Judgment—Technical Error.**

> *Held*, only issues of fact were involved on this appeal, and the judgment as to amount of plaintiff's damages was not the basis of his appeal, being apparently according to his own agreement, and no error is found.

APPEAL by plaintiff from *Finley, J.,* at November Term, 1920, of ROCKINGHAM. Action to set aside a deed for a right of way over plaintiff's lands and an agreement fixing the compensation or amount of damages therefor, plaintiff alleging that his signatures to said instruments were procured by the false and fraudulent representations of defendant's agent.

Upon issues joined, the jury returned the following verdict:

"1. Was the execution of the damage agreement referred to in the pleadings procured by fraud and misrepresentation as alleged in the complaint? Answer: 'No.'

"2. Was the execution of the right of way deed referred to in the pleadings procured by fraud and misrepresentation as alleged in the complaint? Answer: 'No.'

"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: '..............' "

Defendant admitted that under the contracts it was indebted to the plaintiff in the sum of $20 and tendered judgment for this amount. His Honor gave judgment in favor of plaintiff for $20, but taxed him with the costs. Plaintiff appealed.

*J. M. Sharp, J. R. Joyce and E. B. Ware for plaintiff.*
*Manly, Hendren & Womble and W. S. O'B. Robinson, Jr., for defendant.*

PER CURIAM. The controversy between the parties in this action narrowed itself on the trial to questions of fact, which the jury have answered in favor of the defendant. We have carefully examined the record and find no sufficient reason for disturbing the verdict.

Technically, under the pleadings, plaintiff may not have been entitled to judgment for the $20, but this is not the basis of his appeal. Apparently he has been rewarded according to his own agreement. His Honor below evidently took this view of the matter, and we think the plaintiff should be content with the result.